IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI RISING COALITION,
RONALD VINCENT, LEA
CAMPBELL, CURLEY CLARK, and
PAMELA BLACKWELL                                                    PLAINTIFFS

v.                                                        CAUSE NO. 1:18CV109-LG-RHW

CITY OF OCEAN SPRINGS,
MISSISSIPPI                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING
## OCEAN SPRINGS' MOTION TO DISMISS FOR LACK OF JURISDICTION

**BEFORE THE COURT** is the [13] Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), should be granted. The plaintiffs have failed to demonstrate that they have standing to pursue this lawsuit.

## BACKGROUND

In their Amended Complaint, the plaintiffs allege that the City of Ocean Springs, Mississippi, Board of Aldermen enacted a resolution requiring that the Mississippi state flag be flown at City Hall and other municipal buildings including

fire stations, the police department, the civic center, and the City's sports complex. The plaintiffs allege that:

> The purpose, and the effect, of Ocean Springs' display of a racially hostile and demeaning banner, which it has no obligation to display, is to preserve to the maximum extent possible its status as an overwhelmingly "white" community. The city is employing a symbol of "white supremacy, racism, and oppression" as a tool for racial steering. The city's display of that symbol effectively tells people of color that they are not welcome in the city and encourages them to live elsewhere.

(Am. Compl. 3-4, ECF No. 10). In an effort to invoke the jurisdiction of this Court, all of the plaintiffs allege that Ocean Springs has violated the provisions of the Fair Housing Act and the Equal Protection Clause of the Fourteenth Amendment by enacting the resolution.

The plaintiff, Mississippi Rising Coalition describes itself as "a non-profit, non-partisan membership organization based on the Mississippi Gulf Coast with the goal of promoting the equal value and dignity of every Mississippian regardless of race, ethnicity, age, sex, religion, gender identity, sexual orientation, socioeconomic status, nation of origin, immigration status, or housing status." (*Id.* at 4). Mississippi Rising alleges that its individual members:

> are harmed by Ocean Springs['] actions in deterring African Americans from moving into, or remaining in, Ocean Springs." (*Id.*) Mississippi Rising further claims that it "has suffered, and is suffering, direct harm due to Ocean Springs['] actions in that the city's display of the state flag interferes with, and diminishes, MRC's ability to accomplish its above-stated goals and has forced MRC to devote time and effort to mitigating the harm caused by the city's actions, and because the city has incited third parties[,] including the KKK, to threaten and attempt to intimidate and deter MRC, and its members from pursuing those goals.

(*Id.*)

The plaintiff, Ronald Vincent is an African-American resident of Ocean Springs. He specifically alleges that "[t]he city's actions harm him in that they (a) label him as an inferior and undesirable member of the community[,] (b) deny him the full enjoyment and benefit of his property[,] and (c) deter other African Americans from residing in the city and therefore deny him the opportunity to live in a more integrated and diverse community." (*Id.*)

The plaintiff, Lea Campbell is a Caucasian resident of Ocean Springs. She also serves as the president of Mississippi Rising. Campbell alleges that she has received threatening messages as a result of her protests of the Ocean Springs resolution. She also alleges that "[s]he has been injured by the city's action in encouraging and inciting those threats and because the city's actions deter non-white individuals from residing in the city and therefore deny her the opportunity to live in a more integrated and diverse community." (*Id.* at 5).

The plaintiff, Curley Clark resides in a town near Ocean Springs. He alleges that "[h]e is harmed in that he wishes to visit and patronize businesses in Ocean Springs but he is deterred from doing so by the city's racially demeaning and threatening message embodied in the state flag." (*Id.*)

The plaintiff, Pamela Blackwell is an African-American member of Mississippi Rising. She moved to Ocean Springs in 2016. Blackwell alleges that she would not have moved to Ocean Springs if the state flag had been flying at City Hall. She states that the flag makes her feel unwelcome, and she plans to move

elsewhere if the flag is not removed. She claims that "[t]he city's actions harm her in that they (a) label her as an inferior and undesirable member of the community[,] (b) deny her the full enjoyment of living in the city[,] and (c) deter other African [A]mericans from living in the city and therefore deny her the opportunity to live in a more integrated and diverse community." (*Id.*)

## DISCUSSION

### I. EQUAL PROTECTION

The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). Article III, § 2, of the Constitution restricts the federal "judicial Power" to the resolution of "Cases" and Controversies." That case-or-controversy requirement is satisfied only where a plaintiff has standing. *See, e.g., DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 408, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013).

To establish Article III standing, a plaintiff must show (1) an injury in fact which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and conduct complained

of; and (3) an injury likely to be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Soniat v. Texas Real Estate Comm'n,* 721 F. App'x 398, 399 (5th Cir. 2018).  These three elements, injury in fact, causation, and redressability make up the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 607–608, 107 L.Ed.2d 603 (1990).  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102–04, 118 S. Ct. 1003, 1016–17, 140 L. Ed. 2d 210 (1998).

In a recent Mississippi flag case, the Fifth Circuit held that "exposure to a discriminatory message, without a corresponding denial of equal treatment, is insufficient to plead injury in an equal protection case."  *Moore v. Bryant*, 853 F.3d 245, 250 (5th Cir. 2017).  In *Moore*, the Fifth Circuit held that an African-American attorney who alleged he was harmed by exposure to the Mississippi flag did not have standing to assert an equal protection claim, because the attorney's exposure to the Mississippi flag did not constitute an injury in fact.  *Id.* at 250, 253.  The Fifth Circuit explained that "the gravamen of the equal protection claim is differential governmental treatment, not differential governmental messaging." *Id.*

As in *Moore*, none of the plaintiffs here have alleged or articulated any facts tantamount to a denial of equal treatment.  And as in *Moore,* they allege only harm related to exposure to the Mississippi flag.  Thus, they have failed to allege an injury in fact sufficient to confer standing.

## II. FAIR HOUSING ACT

The Fair Housing Act (FHA) provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ." 42 U.S.C. § 3613(a)(1)(A). An "'aggrieved person' includes any person who – (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). "'Discriminatory housing practice' means an act that is unlawful under section 3604, 3605, 3606, or 3617." 42 U.S.C. § 3602(f). Section 3604 pertains to '[d]iscrimination in the sale or rental of housing and other prohibited practices." Section 3605 governs "[d]iscrimination in residential real estate-related transactions." Section 3606 pertains to "[d]iscrimination in the provision of brokerage services." Section 3617 prohibits interference, coercion, or intimidation pertaining to the exercise of rights under the FHA.

The plaintiffs claim that Ocean Springs violated 42 U.S.C. § 3604(a), which provides that is it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . ," and 42 U.S.C. § 3604(c), which provides that it is unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation,

or discrimination based on race . . . , or an intention to make any such preference, limitation, or discrimination."

The plaintiffs argue that they are "aggrieved persons" under the FHA pursuant to *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205 (1972). In *Trafficante*, two tenants in an apartment complex alleged that the owner of the complex had discriminated against nonwhite persons on the basis of race. *Id.* at 206-07. The tenants claimed that "(1) they had lost the social benefits of living in an integrated community; (2) they had missed business and professional advantages which would have accrued if they had lived with members of minority groups; [and] (3) they had suffered embarrassment and economic damage . . . from being stigmatized as residents of a 'white ghetto.'" *Id.* at 208. The Supreme Court held that the tenants had standing to file an FHA complaint, because the statute "protect[s] not only those against whom a discrimination is directed but also those whose complaint is that the manner of managing a housing project affects the very quality of their daily lives." *Id.* at 211 (internal quotation marks omitted).

However, in order to be considered "aggrieved persons" who can file a private action under the FHA, the plaintiffs in the present case must be harmed, either directly or indirectly, by a discriminatory housing practice. *See* 42 U.S.C. § 3602(i). The plaintiffs' Amended Complaint does not mention any "discriminatory housing practice" or any actions related to the sale or rental of a dwelling. Since housing practices are not at issue in this lawsuit, this is not a case, like *Trafficante*, in which

the plaintiffs allege that they have been harmed by housing practices that are directly aimed at others.

In the opinion of the Court, plaintiffs' allegations do not support a finding that they are "aggrieved persons" under the provisions of the FHA. Thus, they do not have standing to bring a claim. Absent standing, there is no subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that [13] Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), filed by the defendant Ocean Springs, Mississippi, is **GRANTED**. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 19th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE